(78 South. 435)

No. 21313.

GRANGER v. ILLINOIS CENT. RY. CO.

(April 1, 1918.)

*(Syllabus by Editorial Staff.)*

RAILROADS ⊂⇒398(1) — INJURY ON TRACK — NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

In an action for damages for the death of plaintiff's husband alleged to have been killed by the reckless, wanton, and negligent act of defendant railroad, evidence *held* not to show that death was caused by the defendant's negligence.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; S. Schofield Rownd, Judge.

Action by Mrs. M. P. Granger against the Illinois Central Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Richardson & Kemp, of Independence, for appellant. Hunter C. Leake, of New Orleans, and Bolivar E. Kemp, of Amite (Blewett Lee and R. V. Fletcher, both of Chicago, Ill., of counsel), for appellee.

LECHE, J. Plaintiff appeals from a judgment in favor of defendant, refusing her demand for damages in the sum of $16,500, alleged to have been suffered by her as a result of the death of her husband, whom she charges to have been killed by the reckless, wanton, and negligent act of defendant.

The record shows that the late George Granger was living approximately a half mile southeast of the McMichael crossing, just north of Shiloh, a flag station on the line of defendant railroad company about 2 miles south of Amite in the parish of Tangipahoa; that his wife, the plaintiff in this suit, being ill and in need of medical attention, Granger left his home about 9:30 o'clock in the evening of June 15, 1914, to go to Amite in order to secure the services of a physician. Granger did not return, and

about 2 o'clock the next morning he was found in the throes of death, his body in a pitiably mangled condition, lying some 23 feet east of the railroad tracks and 28 feet north of the McMichael crossing. He died a few hours later without regaining consciousness. The engineer and fireman of the fast mail train, which, on its way north, passed the place where Granger was found, 15 or 20 minutes after the latter had left his home, and which is supposed to have killed him, were examined as witnesses, and neither one saw Granger or knew that he had been killed, so that the manner in which Granger came to his death is entirely a matter of conjecture. Blood stains and loose splinters on the boards of the frame which incloses a cattle guard, located between the crossing and the place where the deceased was lying, indicate that he must have been violently hurled from the railroad track; but, on the other hand, no blood marks were found or seen on the engine which is presumed to have struck him.

Plaintiff's theory is that Granger approached defendant's tracks in order to cross them at McMichael crossing, and that, owing to a thick growth of weeds along the right of way, he was unable to see the train in time to avoid being run over. That is merely supposition and theory, for it seems beyond human credulity that an active young man, in the possession of all his senses and faculties, could, in the darkness and stillness of the night, approach a well-known railroad track and not see or hear a brightly illuminated train, equipped with a glaring headlight, coming towards him with the noise and din of its ponderous mass of metal and machinery rolling at a speed of 45 miles per hour. The testimony of Messrs. Geo. P. McMichael, P. P. McMichael, owner of lands on each side of the track, and of Mr. John F. Baham, who all reside near the McMichael crossing, shows that the roadway to the grade at that crossing is sufficiently high to enable a person, at any time, coming towards the defendant's tracks from the east, to easily see, above the scattered weeds along the right of way, a train at a distance of one quarter mile. Plaintiff's theory of this unfortunate accident is then untenable and not compatible with the evidence in the case.

Plaintiff's misfortune is most regrettable; but, in the absence of proof showing that it was caused by the negligence of defendant, the court is without right or authority to grant the relief which she asks.

Judgment affirmed.